# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### Case No. 5:23-CV-00041

STEVE G. ICENHOUR,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　)
　　　　v.　　　　　　　　　　　)　　**PLAINTIFF'S MEMORANDUM**
　　　　　　　　　　　　　　　　)　　**IN SUPPORT OF HIS MOTION**
ALEXANDER TRUCKING COMPANY,　)　　**TO REMAND**
INC., BMA, LLC, DAVID BROOKS　　)
ALLEN and MICHELLE LEE ALLEN,　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　)

NOW COMES the Plaintiff, Steve G. Icenhour (hereinafter " Plaintiff" ) pursuant to Local Civil Rule 7.1(C) and submits this Memorandum in support of his Motion to Remand this action to the Alexander County, North Carolina Superior Court pursuant to 28 U.S.C. § 1447(c).

## SUMMARY OF ARGUMENT

Plaintiff filed this action in the Superior Court of Alexander County, North Carolina on February 9, 2023. A copy of the filed Complaint is attached as Exhibit 1. Defendants filed their Notice of Removal to this Court on March 21, 2023, citing diversity jurisdiction as defined in 28 U.S.C. § § 1441 and 1446 as the basis for removal. (*Notice of Removal*, pg. 8). As demonstrated below, complete diversity does not exist between the Plaintiff and Defendants. As a result, this Court lacks jurisdiction and this case should be remanded to the Alexander County Superior Court. *See* 28 U.S.C. § 1447(c); *Rouse v. State Farm Mut. Auto. Ins. Co.*, 1:14-cv-690, at *3, 2015 WL 3849648, at *4 (M.D.N.C. June 22, 2015).

1

I.     **Complete Diversity Does Not Exist**.

    A.     **David Brooks Allen and Michelle Lee Allen Are Citizens and Residents of North Carolina.**

Defendants have failed to carry their burden that complete diversity exists for purposes of establishing jurisdiction in this Court. The party seeking removal carries the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems . Co.*, 29 F.3d 148, 151 (4th Cir. 1994)(*Internal Citation Omitted*). A Defendant seeking removal based upon diversity jurisdiction must show complete diversity among Plaintiffs and Defendants. 28 U.S.C. § 1332, *Carden v. Arkoma Assoc.*,494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Complete diversity does not exist in actions where one or more defendants is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b), *BJT, Inc. v. Molson Breweries USA, Inc.*, 848 F. Supp. 54, 56 (E.D.N.C. 1994).

In this action, Plaintiff, Defendant David Brooks Allen, Defendant Michelle Lee Allen and Alexander Trucking Company, Inc. are citizens of North Carolina. In their March 21, 2023 Notice of Removal Defendants Michelle Lee Allen and David Brooks Allen represented to this Court that they are citizens and residents of Maricopa County, Arizona. (*Notice of Removal,* ¶ 8). In so doing these Defendants ignore their own admissions in their verified Answer to the Plaintiff's Complaint. In their March 7, 2023 verified Answer to the Plaintiff's Complaint, Defendants Michelle Lee Allen and David Brooks Allen admitted that they were citizens and residents of Iredell County, North Carolina. (*Complaint,* ¶ ¶ *2-5*); (*Defendants' Verified Answer* ¶¶ 2 & 3; Attached as Exhibit 2). Given that Michelle Lee Allen and David Brooks Allen had admitted there are citizens and residents of North Carolina complete diversity does not exist.

2

**B.     Alexander Trucking Is A Citizen of North Carolina**.

Additionally, Alexander Trucking is a citizen of North Carolina. A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff's Complaint contained the following allegations as to Alexander Trucking Company, Inc.:

> "6.     *Alexander Trucking Company, Inc. (Alexander Trucking) has its principal business office in Alexander County.* "

(*Complaint* ¶6).     All Defendants admitted, in their verified Answer,  that Alexander Trucking Company, Inc. is a corporation organized and existing under North Carolina law with its principal business office in Alexander County. (*Answer* ¶ 6). Alexander Trucking, Inc.'s admitted corporate citizenship further establishes that complete diversity does not exist.

## II.     ALEXANDER TRUCKING COMPANY, INC. IS NOT A FRAUDULENTLY JOINED PARTY.

Defendants incorrectly claim that Alexander Trucking Company, Inc. is a fraudulently joined party that the Plaintiff only named to establish State Court jurisdiction. (*Notice of Removal* ¶¶10-19).  Defendants further contend that Alexander Trucking Company, Inc. is a "nominal party" named solely because Plaintiff seeks to place it in receivership and foreclose upon the company's stock as a result of the Defendants' default on their obligations described in this action. (*Notice of Removal* ¶¶16-19).  Defendants' contentions lack merit.

In order for this Court to ignore the citizenship of Alexander Trucking Company, Inc., Defendants are required to demonstrate either (1) outright fraud in Plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that Plaintiff can establish a cause of action against Alexander Trucking Company, Inc. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Defendants fail to meet their burden. There is no fraud in Plaintiff's pleading of

3

jurisdictional facts. In fact Defendants admit, in a verified pleading, that Plaintiff's pleading of jurisdictional facts are correct. Defendants admitted that Alexander Trucking Company, Inc. is a corporation organized and existing under North Carolina law. (*Complaint ¶ 6, Answer ¶ 6*).

Defendants have also failed to show that Plaintiff cannot establish a claim against Alexander Trucking Company, Inc., as an alleged fraudulently joined party, even after resolving all issues of law and fact in the Plaintiff's favor. *Id.* (*Internal Citations Omitted*). Plaintiff's Complaint states a claim against Alexander Trucking Company, Inc. for a direct breach of the Agreement for Acquisition of Corporation by Stock Purchase with Installment Payment. (*Complaint ¶ ¶ 24-47*). Specifically, Plaintiff alleges that Alexander Trucking breached the contract by (1) failing to pay Plaintiff his received account revenue generated prior to Plaintiff selling his stock;(2) failing to pay the Plaintiff insurance proceeds received as a result of a total loss on a truck in which Plaintiff maintains a security interest; and (3) failing to pay Plaintiff for maintenance and repair work performed on Alexander Trucking Company, Inc.'s trucks and trailers. (*Complaint ¶ ¶ 24-47*). Simply put, Plaintiff clearly alleges facts which state a direct cause of action against Alexander Trucking Company, Inc.

III. **PLAINTIFF IS ENTITLED TO AN AWARD OF JUST COSTS AND ACTUAL EXPENSES, INCLUDING ATTORNEY' S FEES, INCURRED AS A RESULT OF DEFENDANTS' REMOVAL.**

Here, Plaintiff is entitled to an award of costs and attorney's fees incurred as a result of Defendants' wrongful removal to this Court. 28 U.S.C. § 1447(c) provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As stated above, Defendants admitted in a verified pleading with the Alexander County Superior Court that they were citizens and residents of North Carolina. The parties moved for injunctive relief and a hearing was held before

4

the Alexander County Superior Court. At that hearing the Alexander County Superior Court announced a ruling which ran contrary to the Defendants' position. Thereafter, the Defendants filed their Notice of Removal and claimed to be citizens and residents of Arizona. It can be reasonably inferred that Defendants removed this case and ignored the admissions contained within their verified Answer in an effort to avoid the operation of the Alexander County Superior Court's Order on Plaintiff's Motion for Injunctive Relief. Given the Defendants' clear admissions concerning their citizenship in a verified pleading, the Defendants efforts to remove to this Court warrant the imposition of costs and attorney's fees in favor of the Plaintiff.

## CONCLUSION

Defendants, by their own verified pleadings filed in the State Court action, have proven that complete diversity does not exist among Plaintiffs and Defendants. Defendants have similarly failed to demonstrate that Alexander Trucking Company, Inc. is a fraudulently joined party. As a result, Defendants cannot carry their burden of establishing jurisdiction in this Court. Plaintiff respectfully requests that this Court grant Plaintiff's Motion and remand this case to the Alexander County Superior Court. In addition, Plaintiff prays that the Court award his just costs and actual expenses, including attorney's fees, incurred as a result of Defendants' removal.

Respectfully submitted this the 29th day of March, 2023.

> SIGMON, CLARK, MACKIE,
> HANVEY & FERRELL, P.A.
>
> By: /S/ Jason White
> Jason White
> N.C. Bar #: 31860
> P.O. Drawer 1470
> Hickory, NC 28603
> Telephone: 828-328-2596
> Facsimile: 828-328-6876
> Emailjason.white@sigmonclark.com

5

**Exhibit 1:**

**Plaintiff's Filed Complaint**

# STATE OF NORTH CAROLINA

ALEXANDER _____ County

File No.    23-CVS- 49

In The General Court Of Justice
☐ District    ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Steve G. Icenhour, c/o Jason White | |
| *Address*<br>P. O. Drawer 1470 | **CIVIL SUMMONS**<br>☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| *City, State, Zip*<br>Hickory, NC 28603 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| *Name Of Defendant(s)*<br>Alexander Trucking Company, Inc., BMA, LLC, a Wyoming<br>Limited Liability Company, David Brooks Allen, and wife,<br><br>Michelle Lee Allen | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

**To Each Of The Defendant(s) Named Below:**

| *Name And Address Of Defendant 1*<br>David Brooks Allen<br>8919 Radford Court<br>Sherrills Ford, NC 28673 | *Name And Address Of Defendant 2*<br>Michelle Lee Allen<br>8919 Radford Court<br>Sherrills Ford, NC 28673 |
|---|---|

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, **DO NOT** throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. **¡NO TIRE estos papeles!** Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)*<br>Jason White<br>Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A.<br>P. O. Drawer 1470<br>Hickory, NC 28603 | *Date Issued*<br>2-9-2023 | *Time*<br>2:15   ☐ AM ☒ PM |
|---|---|---|
| | *Signature*<br>Peru Barnes | |
| | ☐ Deputy CSC    ☑ Assistant CSC    ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ALEXANDER_____ County

File No.
23-CVS-49

In The General Court Of Justice
☐ District   ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Steve G. Icenhour, c/o Jason White | **CIVIL SUMMONS** |
| Address | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| P. O. Drawer 1470 | |
| City, State, Zip | |
| Hickory, NC 28603 | |

| **VERSUS** | | |
|---|---|---|
| | | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued | |
| Alexander Trucking Company, Inc., BMA, LLC, a Wyoming Limited Liability Company, David Brooks Allen, and wife, Michelle Lee Allen | Date(s) Subsequent Summons(es) Issued | |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Alexander Trucking Company, Inc. | BMA, LLC, a Wyoming Limited Liability Company |
| c/o Registered Agents, Inc., Registered Agent | c/o Registered Agents, Inc., Registered Agent |
| 4030 Wake Forest Road, Suite 349 | 30 N. Gould Street, Suite 21067 |
| Raleigh, NC 27609 | Sheridan, WY 82801 |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Jason White | 2-9-2023 | 2:15  ☐ AM  ☒ PM |
| Sigmon, Clark, Mackie, Hanvey & Ferrell, P.A. | Signature | |
| P. O. Drawer 1470 | _Peggy W Barnes_ | |
| Hickory, NC 28603 | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | ☐ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** _Many counties have_ **MANDATORY ARBITRATION** _programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

NORTH CAROLINA

ALEXANDER COUNTY

STEVE G. ICENHOUR,
                    Plaintiff,
vs.

ALEXANDER TRUCKING COMPANY,
INC., BMA, LLC, a Wyoming Limited Liability
Company, DAVID BROOKS ALLEN and wife,
MICHELLE LEE ALLEN,
                    Defendants

FILED

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 23-CVS- 49  2023 FEB -9  P 2: 13

ALEXANDER CO., C.S.C.
                    BY  PWB

COMPLAINT
(Jury Trial Demanded)

NOW COMES THE PLAINTIFF, complaining of the Defendants, and shows the Court the following:

## GENERAL FACTS

1. Plaintiff is a citizen and resident of Alexander County, North Carolina.

2. Upon information and belief, Defendant David Brooks Allen is a citizen and resident of Iredell County.

3. Upon information and belief, Defendant Michelle Lee Allen is a citizen and resident of Iredell County.

4. Upon information and belief, BMA, LLC is a limited liability company organized and existing under Wyoming law.

5. Alexander Trucking Company, Inc. is a corporation organized and existing under North Carolina law.

6. Alexander Trucking Company, Inc. (Alexander Trucking) has its principal business office in Alexander County.

7. Alexander Trucking is in the business of providing trucking and shipping services.

8. Alexander Trucking operates its business from the property owned by Plaintiff at 4736 NC 16 Highway, South and 4698 NC 16 Highway, South in Taylorsville.

9. Plaintiff operates a garage and repair facility at the property owned by Plaintiff at 4736 and 4698 NC 16 Highway, South in Taylorsville.

10. Plaintiff was the sole shareholder of Alexander Trucking immediately prior to May 12, 2022.

11. Plaintiff and BMA, LLC entered into a contract wherein Plaintiff agreed to sell and BMA, LLC agreed to buy Plaintiff's shares of Alexander Trucking.

12. BMA, LLC agreed to pay Plaintiff one million ($1,000,000.00) in exchange for Plaintiff's one thousand shares of Alexander Trucking's issued common stock.

13. Four principal documents memorialize the agreement between the Plaintiff on one had and BMA, LLC, David Brooks Allen and Michelle Lee Allen regarding Alexander Trucking Company on the other, namely:

    A.   Agreement for Acquisition of Corporation by Stock Purchase with Installment Payment (the Agreement);

    B.   Promissory Note and Guaranty Agreement (the Promissory Note);

    C.   Stock Pledge and Escrow Agreement (the Escrow Agreement);

    D.   Commercial Lease Agreement.

14. All of the documents identified in Paragraph 13 were signed by the parties on May 12, 2022.

15. Plaintiff and Defendants closed upon the sale of Plaintiff's shares of Alexander Trucking common stock on May 12, 2022.

16. Defendants have been in possession of the assets of Alexander Trucking since May 12, 2022.

17. Defendants BMA and the Allens have conducted the business of Alexander Trucking since May 12, 2022.

18. BWA, LLC and Plaintiff entered into a stock pledge and escrow agreement on May 12, 2022.

19. BWA, LLC pledged one thousand shares of Alexander Trucking Company stock as security for its obligation to pay Plaintiff seven hundred, seventy-five thousand dollars ($775,000.00) under the terms required by the Promissory Note referenced above.

20. Robert A. Mullinax was designated as the escrow agent under the stock pledge and escrow agreement.

21. Defendants have breached the Agreement, the Promissory Note , the Guaranty Agreement and the Commercial Lease Agreement.

22. The Escrow Agreement provides that the escrow agent will release the pledged stock to Plaintiff upon this Court's determination of default and subsequent order.

## First Cause of Action
### Breach of the Agreement for Acquisition of Corporation by Stock Purchase with Installment Payment

23. Plaintiff incorporates all allegations of the Complaint as if fully set forth herein.

24. Plaintiff is entitled to a security interest on all of Alexander Trucking's equipment, trucks and trailers.

25. Alexander Trucking is required to maintain insurance coverage on all personal property, equipment, trucks and trailers.

26. Alexander Trucking was required to name Plaintiff as an additional insured under the liability coverages insuring Alexander Trucking's real property, personal property, equipment, trucks and trailers.

27. Subsequent to May 12, 2022, a truck owned by Alexander Trucking was involved in an accident wherein it sustained property damage.

28. The damage sustained to Alexander Trucking's truck was so significant as to render the truck a total loss.

29. Upon information and belief, Alexander Trucking received insurance proceeds as a result of the damages sustained to the truck in the accident.

30. Neither Alexander Training nor BMA, LLC paid Plaintiff as a result of the damage to the truck and/or trailer.

31. Upon information and belief, BMA, LLC failed to name Plaintiff as an additional insured under the liability coverage insuring Alexander Trucking's real property, personal property, equipment, trucks and trailers.

32. Alexander Trucking was to pay Plaintiff all funds it received for accounts invoiced on or prior to the closing of the sale of Plaintiff's shares of Alexander Trucking common stock to BMA, LLC.

33. Alexander Trucking received payment for accounts invoiced on or prior to the closing of the sale of Plaintiff's shares of Alexander Trucking common stock to BMA, LLC.

34. Alexander Trucking was to pay Plaintiff the funds it received for accounts invoiced on or prior to the closing of the sale of Plaintiff's shares of Alexander Trucking common stock to BMA, LLC within five business days of receipt of the funds.

35. Alexander Trucking has not paid Plaintiff all funds it received for accounts invoiced on or prior to the closing of the sale of Plaintiff's shares of Alexander Trucking common stock

to BMA, LLC.

36. More than five business days have passed since Alexander Trucking received (but did not pay to Plaintiff) funds for accounts invoiced on or prior to the closing of the sale of Plaintiff's shares of Alexander Trucking common stock to BMA, LLC.

37. Alexander Trucking's failure to pay Plaintiff the funds received for accounts invoiced on or prior to the closing of the sale of Plaintiff's shares of Alexander Trucking common stock to BMA, LLC constitutes a breach of contract which has damaged Plaintiff in excess of twenty-five thousand dollars ($25,000.00).

38. Plaintiff operates Icenhour Garage as a sole proprietorship.

39. Plaintiff provided maintenance and repair work on Alexander Trucking's trucks, trailers and equipment prior to the sale of Plaintiff's shares of Alexander Trucking common stock to BMA, LLC.

40. Plaintiff, BMA, LLC and Alexander Trucking agreed that Icenhour Garage would provide maintenance and repair work on Alexander Trucking's trucks and trailers until BMA paid Plaintiff the balance of the purchase price for the transfer of Plaintiff's shares in Alexander Trucking.

41. Plaintiff agreed to provide maintenance and repair work to Alexander Trucking's trucks, trailers and equipment at the labor rate of $90.00 per hour.

42. Plaintiff agreed to provide parts, fluids, oils, tires and supplies utilized in repairing or maintaining Alexander Trucking's trucks, trailers and equipment at the actual cost of the parts, fluids, oils, tires and supplies utilized.

43. Plaintiff provided repair and maintenance work on Alexander Trucking's trucks and trailers since the closing of the sale of Plaintiff's shares of Alexander Trucking common stock to BMA, LLC.

44. Plaintiff submitted invoices to Alexander Trucking for maintenance and repair work performed on Alexander Trucking's trucks and trailers.

45. Alexander Trucking agreed to pay Plaintiff for repair and maintenance work and parts within fifteen days from the date of service.

46. Neither Alexander Trucking nor any other Defendant paid Plaintiff's invoices for repair and maintenance work on Alexander Trucking's trucks and trailers since the closing of the sale of Plaintiff's shares of Alexander Trucking common stock to BMA, LLC.

47. Defendants' failure to pay Plaintiff for repair and maintenance and parts within fifteen days of service constitutes a breach of contract which has damaged Plaintiff in an amount in

excess of twenty-five thousand dollars ($25,000.00).

48. Plaintiff notified Alexander Trucking, BMA, LLC, David Brooks Allen and Michelle Lee Allen of their default under the Agreement.

49. Defendants have not cured the default by paying Plaintiff for the repair and maintenance work and parts used on Alexander Trucking's trucks, trailers and equipment.

50. Plaintiff notified Alexander Trucking, BMA, LLC, David Brooks Allen and Michelle Lee Allen of their default under the Agreement.

51. Defendants have not cured the default by paying Plaintiff the funds received by Alexander County Trucking for accounts invoiced on or prior to the closing of the sale of Plaintiff's stock in Alexander County Trucking to BMA, LLC.

### Second Cause of Action
### Breach of Promissory Note & Guaranty Agreement

52. Plaintiff incorporates all allegations of the Complaint as if fully set forth herein.

53. BMA, LLC offered to pay and Plaintiff agreed to receive the purchase price of one million ($1,000,000.00) for Plaintiff's shares of Alexander Trucking common stock.

54. Plaintiff agreed to finance BMA, LLS's purchase of his shares of Alexander Trucking common stock upon the following terms:

    A. BMA, LLC was required to pay Plaintiff two hundred thousand dollars ($200,000.00) at the closing of the sale of Plaintiff's stock in Alexander Trucking to BMA, LLC on May 12, 2022;

    B. BMA, LLC was required to pay twenty-five thousand dollars ($25,000.00) to Sunbelt Business Brokers of Charlotte, Inc. at the closing of the sale of Plaintiff's stock in Alexander County Trucking to BMA, LLC on May 12, 2022;

    C. BMA, LLC was required to pay Plaintiff the sum of seven hundred, seventy-five thousand dollars ($775,000.00) pursuant to the terms of the promissory note from BMA, LLC to Plaintiff executed on May 12, 2022.

55. BMA, LLC executed a Promissory Note wherein it promised to pay Plaintiff seven hundred seventy-five thousand dollars ($775,000.00).

56. BMA, LLC agreed to pay Plaintiff four hundred thousand dollars in principal and interest ($400,000.00) over the period of twenty-four months, with the first payment being due in June, 2022.

57. BMA, LLC agreed to pay Plaintiff two hundred thousand dollars ($200,000.00) on the first anniversary of the closing of the sale of Plaintiff's Alexander Trucking common stock to BMA, LLC.

58. BMA, LLC agreed to pay Plaintiff one hundred seventy-five thousand dollars ($175,000.00) on the second anniversary of the closing of the sale of Plaintiff's Alexander Trucking common stock to BMA, LLC.

59. BMA, LLC did not make the installment payment to Plaintiff for the months of October, November or December of 2022.

60. BMA, LLC did not make the installment payment to Plaintiff for the month of January, 2023.

61. Defendants Brooks Allen and Michelle Lee Allen absolutely, unconditionally and irrevocably guaranteed Plaintiff the payment of all obligations of BMA, LLC under the promissory note, plus reasonable costs, expenses and fees, including the reasonable fees and expenses of Plaintiff's counsel.

62. Plaintiff notified Alexander Trucking, BMA, LLC, David Brooks Allen and Michelle Lee Allen of their default under the Promissory Note and Guaranty Agreement.

63. Defendants have not cured the default by paying Plaintiff the installments due under the Promissory Note.

64. Plaintiff has been damaged by Defendants' breach of the Promissory Note and Guaranty Agreement in an amount in excess of twenty-five thousand dollars ($25,000.00).

65. The Defendants are hereby notified pursuant to N.C.G.S. 6-21.2 that the provisions of the Promissory Note and Guaranty Agreement relative to the payment of attorneys' fees in addition to the outstanding balance shall be enforced. The Defendants have five (5) days from this notice to pay the outstanding balance hereafter noted in full without attorneys' fees.

### Third Cause of Action
### Motion for Injunctive Relief and Appointment of Receiver

66. Plaintiff incorporates all allegations of the Complaint as if fully set forth herein.

67. The failure of BMA, LLC to operate Alexander Trucking properly, efficiently and profitably places the collateral which secures the obligation to the Plaintiff at great risk, as the tractor trailers are operated daily placing great strain and expense on the equipment.

68. Upon information and belief, BMA, LLC and Alexander Trucking may not currently be in full compliance with state, local and federal licensing and permitting laws.

69    Failure to operate in compliance with state, local and federal licensing and permitting laws places Alexander Trucking's trucks, trailers and equipment at risk of being grounded and parked in locations outside of North Carolina.

70.   Plaintiff has a security interest in Alexander Trucking's trucks, trailers and equipment, accounts and profits.

71.   Plaintiff, upon information and belief, is the primary creditor of Alexander Trucking.

72.   Should Alexander Trucking operate in a manner that is not in compliance with state, local and federal law, it is in imminent danger of becoming insolvent.

73.   Plaintiff moves pursuant to Article 38 and 38A of Chapter 1 of the North Carolina General Statutes for the appointment of a receiver and establishment of a limited receivership to ensure the lawful, profitable operation of Alexander Trucking during the pendency of this action.

WHEREFORE, Plaintiff prays the Court the following relief.

1.    That he have and receive of Defendants, jointly and severally, an amount in excess of twenty-five thousand dollars ($25,000.00);

2.    That the Court appoint a receiver and establish a limited receivership of Alexander Trucking during the pendency of this action pursuant to Article 38 and 38A of Chapter 1 of the North Carolina General Statutes;

3.    That the Court direct Robert A. Mullinax to surrender one thousand shares of pledged Alexander County Trucking stock to Plaintiff, free and clear of any claim or interest of any Defendant;

4.    That the Plaintiff have a trial by jury on all issues so triable;

5.    That the Plaintiff have such other and further relief as the Court deems just and proper.

This the 30 day of January, 2023.

SIGMON, CLARK, MACKIE,
HANVEY & FERRELL, P.A.

By: _Jason White_

Jason White
Attorney for Plaintiff
Post Office Drawer 1470
Hickory, North Carolina 28603
Telephone: 828-328-2596
Facsimile: 828-328-6876

**Exhibit 2:**

**Defendants' Filed Answer**

FILED

2023 MAR -7 P 2 5

ALE...
...

STATE OF NORTH CAROLINA

ALEXANDER COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 23-CVS-49

STEVE G. ICENHOUR,

        Plaintiff,

    Vs.

ALEXANDER TRUCKING COMPANY,
INC., BMA, LLC, a Wyoming Limited
Liability Company, DAVID BROOKS
ALLEN and wife, MICHELLE LEE
ALLEN,

        Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ANSWER**

    **NOW COMES THE DEFENDANTS,** by and through the undersigned counsel, answering the Plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

    Defendants assert the following affirmative defenses. By doing so, Defendants shall not be deemed to have assumed the burden of proving any matters that otherwise would be Plaintiff's burden.

### FIRST AFFIRMATIVE DEFENSE
### Off-Set

    Upon the facts stated herein and others as may be discovered and presented to this Court, Defendants assert and allege that one or more of the causes of action stated against Defendants in the Complaint are barred by the doctrines of recoupment, offset and/or setoff.

### SECOND AFFIRMATIVE DEFENSE
### Prior Material Breach

    Upon the facts stated herein and other as may be discovered and presented to this Court, Defendants assert and allege that one or more of the causes of action stated against Defendants in the Complaint are barred by the doctrine of prior material breach.

1

## THIRD AFFIRMATIVE DEFENSE
### Contract Terms

Upon the facts stated herein and other as may be discovered and presented to this Court, Defendants assert and allege that one or more of the causes of action stated against Defendants in the Complaint are barred by the terms of any contracts and/or agreements governing the parties' relationship.

## FOURTH AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

Upon the facts stated herein and other as may be discovered and presented to this Court, Defendants assert and allege that one or more of the causes of action stated against Defendants in the Complaint are barred by Plaintiff's failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE
### Breach of Duty of Good Faith and Fair Dealing

Upon the facts stated herein and other as may be discovered and presented to this Court, Defendants assert and allege that one or more of the causes of action stated against Defendants in the Complaint are barred by Plaintiff's breach of the duty of good faith and fair dealing.

## SIXTH AFFIRMATIVE DEFENSE
### Express Contract

Upon the facts stated herein and other as may be discovered and presented to this Court, Defendants assert and allege that one or more of the causes of action stated against Defendants in the Complaint are barred by the parties' express contract.

## SEVENTH AFFIRMATIVE DEFENSE
### Reservation

To the extent not specifically admitted herein, Defendants deny all allegations contained in Plaintiff's Complaint. To the extent additional affirmative defenses become apparent during the course of discovery and further litigation of this cause, Defendants specifically reserve the right to amend their Answer to include any and all such additional affirmative defenses.

## GENERAL FACTS

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied.

22. Admitted.

## FIRST CAUSE OF ACTION:
## BREACH OF THE AGREEMENT FOR ACQUISITION OF CORPORATION BY
## STOCK PURCHASE WITH INSTALLMENT PAYMENT

3

23. The allegations contained in this paragraph do not require an answer.

24. Denied.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Denied.

30. Admitted.

31. Denied.

32. Admitted.

33. Denied.

34. Admitted.

35. Denied.

36. Denied.

37. Denied.

38. Admitted.

39. Denied.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

4

45. Admitted.

46. Denied.

47. Denied.

48. Admitted.

49. Denied.

50. Denied.

51. Denied.

## SECOND CAUSE OF ACTION:
## BREACH OF PROMISSORY NOTE & GUARANTY AGREEMENT

52. The allegations contained in this paragraph do not require an answer.

53. Admitted.

54. Denied.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Denied.

60. Denied.

61. Admitted.

62. Admitted.

63. Denied.

64. Denied.

5

65. Denied.

## THIRD CAUSE OF ACTION:
## MOTION FOR INJUNCTIVE RELIEF AND APPOINTMENT OF RECEIVER

66. The allegations contained in this paragraph do not require an answer.

67. Admitted.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

### RESPONSE TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

1. The Defendant's hereby incorporate paragraphs 1 through 73 herein by reference as if fully asserted herewith.

### DEFENDANT'S MOTION FOR INJUNCTIVE RELIEF:

NOW COMES the Defendants, and move the Court for injunctive relief. In support of said Motion, the Defendant, David Brooks Allen shows as follows:

1. Defendant Alexander Trucking Company, Inc. (Alexander Trucking) is a corporation organized and existing under North Carolina law. Alexander Trucking is in the business of providing trucking and shipping services.

2. Plaintiff filed a lawsuit against the Defendant on or around 2/24/2023.

3. Prior to filing, and since filing, the Plaintiff has intentionally, illegally and without just cause have acted in a manner that has frustrated contracts between the parties.

4. The Plaintiff has intentionally parked vehicles in and around the Defendant's loading docks to prevent the Alexander Trucking from operating.

6

5. The Plaintiff has intentionally parked and placed scrap vehicles, and scrap metal on the Defendant's property with the purpose of frustrating the Defendants' business ventures.

6. Plaintiffs agents, specifically Clark Icenhour and his wife, have continued to verbally and physically harass the Defendants, creating a hostile work environment.

7. Plaintiff has allowed his agents to park personal vehicles in the Defendants parking lot with the purpose of delaying and frustrating the Defendants' business ventures.

8. Defendants are at imminent risk of irreparable harm if the Plaintiff and the Plaintiff's agents are continued to be allowed to frustrate the Defendant's business.

**WHEREFORE**, The Defendant's respectfully requests the Court order relief as follows:

1. Dismiss the claims against the Defendants with prejudice.

2. Grant injunctive relief against the Plaintiffs, preventing them from further frustrating, delaying, and obstructing the Defendants' business.

3. Tax the cost of this action against the Plaintiff including a reasonable attorney's fee, if allowed by law.

4. Grant to the Defendants such other and further relief as the Court deems just and proper.

This the _7th_ day of March, 2023.

_____
Edward L. Hedrick, V
Attorney for Defendants
NC Bar No 52180
P.O. Box 1136
Taylorsville, NC 28681
Telephone: (828) 635-4168
Facsimile: (828) 352-9972

7

STATE OF NORTH CAROLINA

ALEXANDER COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 23-CVS-49

STEVE G. ICENHOUR,

       Plaintiff,

Vs.

ALEXANDER TRUCKING COMPANY,
INC., BMA, LLC, a Wyoming Limited
Liability Company, DAVID BROOKS
ALLEN and wife, MICHELLE LEE
ALLEN,

       Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**VERIFICATION**

    I, **DAVID BROOKS ALLEN**, being first duly sworn, deposes and says that he is the Defendant in the foregoing action; he has read the foregoing **ANSWER** and the contents thereof; that the same is true of his own knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes, them to be true.

                           DAVID BROOKS ALLEN

Subscribed to and sworn before me,

This the 7 day of March, 2023.

Tori D. Lail
Notary Public

TORI D LAIL
Notary Public
North Carolina
Alexander County

My commission expires: July 27, 2026.

8

STATE OF NORTH CAROLINA

ALEXANDER COUNTY

FILED

2023 MAR -7 P 2 51

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO. 23-CVS-49

STEVE G. ICENHOUR,

        Plaintiff,

Vs.

ALEXANDER TRUCKING COMPANY,
INC., BMA, LLC, a Wyoming Limited
Liability Company, DAVID BROOKS
ALLEN and wife, MICHELLE LEE
ALLEN,

        Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**VERIFICATION**

    I, **MICHELLE LEE ALLEN,** being first duly sworn, deposes and says that she is the Defendant in the foregoing action; she has read the foregoing **ANSWER** and the contents thereof; that the same is true of her own knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes, them to be true.

                                  _MICHELLE LEE ALLEN_

Subscribed to and sworn before me,

This the ___7___ day of March, 2023.

_Tori D. Lail_
Tori D. Lail
Notary Public

TORI D LAIL
Notary Public
North Carolina
Alexander County

My commission expires: July 27, 2026.

9

## CERTIFICATE OF SERVICE

The undersigned, being an attorney duly licensed to practice law in the State of North Carolina, does hereby certify that a copy of the foregoing **ANSWER** was duly served upon all parties as follows:

X    By hand delivering a copy to the Attorney for Plaintiff:

        **Jason White**

X    By First-Class Mail addressed as follows:

        **Jason White**
        **Attorney for Plaintiff**
        **Post Office Drawer 1470**
        **Hickory, NC 28681**

This the 7th day of March, 2023.

             _____
             Edward L. Hedrick, V
             Attorney for Defendants
             NC Bar No. 52180
             P.O. Box 1136
             Taylorsville, NC 28681
             Telephone : (828) 635-4168
             Facsimile : (828) 352-9972

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2023 I electronically filed the foregoing **MOTION TO REMAND** with the Clerk of Court using the CM/ECF system which will send notification of filing to the following:

Joe Dye Culik
1200 E. Morehead St., Suite 260
Charlotte, NC 28204

Respectfully submitted this the 29th day of March, 2023.

**SIGMON, CLARK, MACKIE,
HANVEY & FERRELL, P.A.**

By:     /S/ Jason White
Jason White
N.C. Bar #: 31860
P.O. Drawer 1470
Hickory, NC 28603
Telephone: 828-328-2596
Facsimile: 828-328-6876
Email:  jason.white@sigmonclark.com

6