IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00041-KDB-DCK

| | |
|---|---|
| STEVE G. ICENHOUR,<br><br>Plaintiff,<br><br>v.<br><br>BMA, LLC;<br>DAVID BROOKS ALLEN<br>ALEXANDER TRUCKING<br>COMPANY, INC.; AND<br>MICHELLE LEE ALLEN,<br><br>Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion to Remand,[1] which Defendants oppose. (Doc. Nos. 10, 11). The Court has carefully considered this motion, the parties' briefs and exhibits, and other relevant pleadings of record. As discussed below, the Court finds that it lacks jurisdiction in this case, and the case should therefore be remanded to the North Carolina Superior Court of Alexander County from which it was removed. Accordingly, the Court will **GRANT** the motion to remand.

I.  LEGAL STANDARD

When faced with a motion to remand, a party seeking removal to federal court bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1986));

---

[1] Also pending before the Court is Defendants' Motion to Dismiss (Doc. No. 19). Because the Court has determined that it lacks jurisdiction and the matter must be remanded it does not reach the merits of Defendants' Motion to Dismiss, which will appropriately be left to the state court to decide.

1

*Griessel v. Mobley*, 554 F.Supp.2d 597, 600 (M.D.N.C. 2008). Removal jurisdiction raises significant federalism concerns; therefore, strict construction of the statutory procedures for removal is required. *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). Indeed, the Fourth Circuit has repeatedly emphasized that courts "should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)); *see also Mulcahey,* 29 F.3d at 151.

## II. FACTUAL BACKGROUND

Steve G. Icenhour ("Plaintiff") initially filed this action in the North Carolina Superior Court of Alexander County against Alexander Trucking Company, Inc., ("Alexander Trucking"), BMA, LLC ("BMA"), David Books Allen, and Michelle Lee Allen (together, the "Allens") (collectively the "Defendants"). *See* Doc. No. 1-1. Plaintiff asserts two causes of action - (1) Breach of the Agreement for Acquisition of Corporation by Stock Purchase with Installment Payment and (2) Breach of Promissory Note & Guaranty Agreement, along with a Motion for Injunctive Relief and Appointment of Receiver. *See id*. The substantive claims are filed against the Allens and BMA, a limited liability company owned by the Allens. The request for injunctive relief is directed against Alexander Trucking, a company which was purchased from Plaintiff by the Allens and BMA. *See id.* Disputes over the parties' purchase agreement (the "Agreement") led to Plaintiff's filing of this action. *See* Doc. No. 12-1.

Following service of the Complaint, Defendants timely filed their Notice of Removal, asserting complete diversity of citizenship between the parties. *See* Doc. No. 1. The Notice of Removal alleged that although Alexander Trucking was a North Carolina citizen its citizenship should be disregarded because Alexander Trucking was allegedly a fraudulently joined party.

## III. DISCUSSION

The dispositive issue with respect to whether this case was properly removed is whether Alexander Trucking is a properly joined defendant whose acknowledged North Carolina citizenship destroys diversity.[2]

### A. Alexander Trucking is a Properly Joined Party

The doctrine of fraudulent joinder allows a federal court to retain jurisdiction by disregarding the citizenship of nondiverse defendants who were fraudulently joined. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1991). To establish that a nondiverse defendant was fraudulently joined, a removing party must establish either "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court," or "[t]hat there has been outright fraud in [a] plaintiff's pleading of jurisdictional facts." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). A party alleging fraudulent joinder bears a heavy burden because it must show that a plaintiff "cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Id.* "This standard is even more favorable to the plaintiff than the standard of ruling on a [12(b)(6)] motion to dismiss." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 424 (4th Cir. 1999). A plaintiff's claims against a non-diverse defendant "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)).

---

[2] The parties have also raised the issue of the Allens' citizenship. The Allens' initial answer, filed in North Carolina Superior Court, designated the Allens as citizens of North Carolina. However, the Allens subsequently amended the Answer and filed sworn affidavits stating that the Allens were in fact residents of Arizona (explaining that they were only temporary residents of North Carolina and retained their permanent domicile in Arizona). The Court need not and does not address the Allens citizenship here.

Keeping in mind the heavy burden of showing fraudulent joinder, as well as the governing rule of deciding removal disputes in favor of retained state court jurisdiction, this Court finds that Defendants have not shown that Alexander Trucking was fraudulently joined. Defendants do not allege outright fraud in the Plaintiff's pleading of jurisdictional facts. Instead, Defendants argue that Icenhour cannot establish a cause of action against Alexander Trucking. *See* Doc. No. 11. Plaintiff contends that Alexander Trucking "fail[ed] to pay Plaintiff his received account revenues," "fail[ed] to pay the Plaintiff insurance proceeds received as a result of a total loss on a truck," and finally that Alexander Trucking is obligated to "pay Plaintiff for maintenance and repair work performed on their trucks and trailers." *See* Doc. No. 1-1. Plaintiff asserts that each of those alleged failures are violations of the Agreement. *See* Doc. Nos. 1, 12-1.

Most simply put, the resolution of each of Plaintiff's claims against Alexander Trucking involve disputed issues of fact and law. If those facts and law are "resolved … in the Plaintiff's favor," which is the required standard for fraudulent joinder, Plaintiff could succeed on any one of those claims. Thus, Plaintiff has sufficiently pled the possibility of his right to recovery against Alexander Trucking and Defendants have in turn failed to meet the burden of showing fraudulent joinder. Accordingly, the Court finds that Alexander Trucking is a properly joined defendant.

B.  **Alexander Trucking's North Carolina Citizenship Destroys Diversity**

A corporation is deemed to be a citizen of every state in which it is incorporated, and any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, the parties do not dispute that Alexander Trucking is a citizen of North Carolina. Plaintiff's Complaint alleged that Alexander Trucking has its principal place of business in Alexander County, North Carolina. *See* Doc. No. 1-1. In their verified Answer, all defendants admitted that Alexander Trucking is a corporation organized and existing under North Carolina law with its principal place of business

4

in Alexander County. *See* Doc. No. 17. Therefore, complete diversity of citizenship does not exist among the parties, and the case must be remanded to the state court in which it was brought.

    **C.    Request for Attorneys' Fees and Costs**

In addition to requesting the case be remanded, Plaintiff seeks recovery of his attorneys' fees and costs related to removal. While 28 U.S.C. § 1447(c) provides for the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of [a] removal," "there is no automatic entitlement to an award of attorney fees,"[3] *see Common Cause v. Lewis*, 956 F.3d 246, 256 (4th Cir. 2020) (quoting *Beusterien v. Icon Clinical Research, Inc.*, 517 F. App'x 198, 199 (4th Cir. 2013)), and district courts have wide discretion to determine whether to award attorneys' fees and costs.

In the exercise of its discretion, the Court declines to award attorneys' fees and costs. The Supreme Court has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S. Ct. 704, 163 L.Ed.2d 547 (2005). The Court does not find that the removing party lacked a reasonable basis for seeking removal, even though remand is appropriate. Therefore, Plaintiff's request for attorneys' fees and costs will be denied.

---

[3] Of course, in the absence of a statutory basis for the award of attorneys' fees the "American rule" requires that each party pay its own attorneys' fees. *See In re Celotex Corp.,* 124 F.3d 619, 626–27 (4th Cir. 1997) ("The American rule provides that each party bear the cost of its own attorney's fees unless a statute or agreement provides otherwise.").

5

Case 5:23-cv-00041-KDB-DCK    Document 26    Filed 07/27/23    Page 5 of 6

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Remand (Doc. No. 10) is **GRANTED;**

2. Plaintiff's request for attorneys' fees and costs is **DENIED;**

3. This case is **REMANDED** to the Superior Court of Alexander County, North Carolina, for further proceedings; and

4. The clerk of court is directed to close this case and to transmit a certified copy of this order to the clerk of the Superior Court of Alexander County, North Carolina.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 27, 2023

Kenneth D. Bell
United States District Judge